FILED
March 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002506368

Attorney Debt Reset, Inc.
Jeremy G. Winter, SBN 245631
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

Victor Robinson,

    Debtor.

Case No.: 2010-20067
DCN: ADR-001
Chapter 7

**DEBTOR'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPLELLING TRUSTEE TO ABANDON PROPERTY OF THE ESTATE; DECLARATION OF COUNSEL IN SUPPORT THEREOF**

Date: April 12, 2010
Time: 9:00 AM
Place: 501 I St., 7th Fl
      Courtroom 28,
      Sacramento, CA 95814
Judge: Hon. Michael S. McManus

Debtor hereby move the Court pursuant to 11 U.S.C. §554(b) for an Order compelling the Trustee to abandon property of the estate on the basis that said property has no unprotected equity and is therefore of inconsequential value and benefit to the estate. The subject property is a single family residence located at 6766 Calvine Road, Sacramento, CA 95823.

I.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

-1-

1. The above-referenced Chapter 7 case was filed on or about January 4, 2010.

2. Debtor's assets include a single family residence located at 6766 Calvine Road, Sacramento, CA 95832.

3. Debtors estimate that the fair market value of the property to be $120,000.00.

4. The property is encumbered by the following secured claims: home owner association dues managed by Cimarron Trust Services in the approximate amount of $7,535.00, first mortgage managed by GMAC Mortgage in the approximate amount of $38,309.64, and a second mortgage managed by Safe America in the approximate amount of $12,087.36. The remaining equity in the amount of approximately $62,068 was properly covered by a claimed exemption under CCP § 704.730.

5. Further, the deadline to object to this claimed exemption is 30 days from the first meeting of the creditors. The first meeting of creditors was February 12, 2010. Thirty days have passed since this first meeting of creditors, and no objection has been filed with this court.

6. Because the excess equity in the property, after subtracting the liens against the property (as listed above) from the value of the property has been properly claimed as exempt, there is no value or benefit to the bankruptcy estate in this property.

**II.**

**BECAUSE THERE IS NO EQUITY IN THE PROPERTY AVAILABLE TO THE BANKRUPTCY ESTATE, THE COURT SHOULD ORDER THE TRUSTEE TO ABANDON THE PROPERTY**

11 U.S.C. §554(b) provides as follows:

ON request of a party in interest after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value or benefit to the estate.

As set forth above, any equity in the subject property has been properly exempted, and the deadline to object to any claimed exemption has passed.  Thus, the subject property is of no value to the estate, the Court should order the Trustee to abandon the property.

### III.

### CONCLUSION

WHEREFORE, Debtor prays that the Court grant this motion and order the Trustee to abandon the above-referenced property of the estate back to the debtor.

Respectfully submitted,

Dated: __March 22, 2010__

By:/s/ Jeremy G. Winter
    Jeremy G. Winter